## PETTINGILL *v.* TOWN OF OLEAN.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

APPEAL—DISCRETION OF TRIAL COURT—NEW TRIAL.

It is in the discretion of a trial court to grant an order for a new trial on the ground of an erroneous exclusion of evidence, though sufficient other evidence had been admitted to establish the fact sought to be proved by the excluded evidence.

Appeal from circuit court, Cattaraugus county.

Action by Edward Pettingill against the town of Olean for personal injuries. From an order granting plaintiff a new trial defendant appeals. Affirmed.

The action was to recover damages for an alleged personal injury claimed to have been sustained by the plaintiff upon a highway in the town of Olean, caused by his being thrown from a wagon, in which he was riding, by reason of one of the wheels of the wagon running into a hole in the highway. The action was tried on the 20th day of May, 1890, and resulted in a verdict for the defendant. Upon a motion being made by the plaintiff for a new trial before the justice before whom the action was tried, an order was made granting a new trial on the ground of an error of the trial court in excluding evidence offered by the plaintiff.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. R. & M. B. Jewell,* for appellant. *A. & G. E. Spring,* for respondent.

LEWIS, J. The evidence tended quite clearly to show that the hole in the highway complained of had existed for a number of weeks; that it was deep and dangerous; and that the commissioner of highways of the town had been informed of it for some considerable time before the accident. The plaintiff

offered to prove by Hazen Chamberlain, who resided near the defect in the road, that prior to the day plaintiff was injured other persons using the highway had been injured by driving into the hole. The evidence was excluded, and the order appealed from was granted because of the exclusion of this evidence. That the evidence offered was competent is substantially conceded by the appellant's counsel, but he contends that many other witnesses called by the plaintiff were permitted to and did testify to similar accidents happening to others by driving into the same hole, and it being so abundantly established, by so many other witnesses, it was error to grant a new trial because of the exclusion of the testimony mentioned, as the respondent could not have been injured thereby. The trial justice saw Mr. Chamberlain; he saw the witnesses who were permitted and who did testify to similar occurrences. He had better opportunity than we have to judge as to the importance of the excluded evidence to the plaintiff's case. Having determined that justice demanded that the plaintiff should have another trial, so as to present to another jury the evidence erroneously excluded, we cannot say he erred in granting the order appealed from. It should be affirmed, with $10 costs and the disbursements of the appeal. All concur.